TUCKER ELLIS LLP
Daniel J. Kelly - SBN 145088
daniel.kelly@tuckerellis.com
135 Main Street, Suite 700
San Francisco, CA 94105
Telephone:     415.617.2400
Facsimile:     415.617.2409

TUCKER ELLIS LLP
John K. Son - SBN 238516
john.son@tuckerellis.com
515 So. Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

Attorneys for Defendant
HUNTINGTON INGALLS INCORPORATED,
formerly known as Northrop Grumman Shipbuilding, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION- LOSANGELES

| | |
|---|---|
| CAROL MCINDOE, as Wrongful Death Heir, and as Successor-in-Interest to JAMES MCINDOE, Deceased; and LORRAINE MCINDOE and PAULINE MCINDOE, as Legal Heirs of JAMES MCINDOE, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CRANE CO., et al.,<br><br>Defendants. | Case No. 2:12-cv-09639 RGK (SS)<br><br>**[PROPOSED] JUDGMENT IN FAVOR OF HUNTINGTON INGALLS INCORPORATED**<br><br>Hon. R. Gary Klauser |

The Court, having read and considered the moving, opposition, and reply papers with respect to the motion for summary judgment of defendant Huntington Ingalls Incorporated, formerly known as Northrop Grumman Shipbuilding, Inc., formerly known as Newport News Shipbuilding and Dry Dock Company ("HII") against plaintiffs Carol McIndoe, Lorraine McIndoe, and Pauline McIndoe ("Plaintiffs") [Doc. No. 133], and having determined that no genuine issue of material fact exists and that HII is entitled to

summary judgment under Civ.R. 56 based on a finding that Plaintiffs' strict liability cause of action is without merit because a Navy ship is not a "product" and that Plaintiffs' causes of action for strict liability and negligence fail due to insufficient evidence of causation as explained by order dated August 29, 2013 [Doc. No. 258],

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs Carol McIndoe, as wrongful death heir and successor in interest to decedent James McIndoe and Lorraine McIndoe and Pauline McIndoe, as legal heirs of decedent James McIndoe take nothing by way of their complaint against defendant Huntington Ingalls Incorporated, that all claims against HII be dismissed on the merits, and that HII recover its costs.

IT IS FURTHER ORDERED that having determined that there is no just reason for delay in entry of this final judgment in favor of Huntington Ingalls Incorporated, the Court expressly directs that the clerk enter this separate final judgment in favor of HII on all claims asserted by Plaintiffs pursuant to Civ.R. 54(b) notwithstanding the existence of claims against other parties.

IT IS SO ORDERED.

DATED: September 13, 2013

_____
R. Gary Klausner
United States District Court Judge

2
JUDGMENT

012758.000059/931492

CERTIFICATE OF SERVICE

012758.000059/931492